RAMON, APPELLANT, *v.* SPIKE ET AL., APPELLEES.

(No. 646—Decided October 22, 1951.)

*Mr. James L. McCrystal* and *Mr. Robert W. Mc-Crystal,* for appellant.
*Mr. James J. Carroll,* for appellees.

FESS, J. This is an appeal on questions of law from a judgment dismissing the petition after sustaining a demurrer thereto.

The question presented here is whether a party injured by an intoxicated minor has a cause of action against a tavern keeper who, in violation of law, served such minor intoxicating liquor causing his intoxication, or served such liquor to an intoxicated person.

The answer depends upon the construction of Section 6203, General Code, reading as follows:

"A husband, wife, child, parent, guardian, employer or other person injured in person, property, or means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of a person, *after the issuance and during the existence of the order of the Department of Liquor Control prohibiting the sale of intoxicating liquor to such person,* shall have a right of action in his or her own name, severally or jointly, against any person selling or giving intoxicating liquors which cause such intoxication, in whole or in part, of such person." (Italics added.)

It is the contention of plaintiff-appellant that the italicized portion of the above section is a limitation only upon the phrase, "or in consequence of the intoxication, habitual or otherwise, of a person," and is not a limitation with respect to a person injured by an intoxicated person.

Section 6203, General Code, had its origin in the Act of May 1, 1854 (52 Ohio Laws, 153). It was carried into Section 4357, Revised Statutes (72 Ohio Laws, 35), reading in part as follows:

"Every husband, wife, child, parent, guardian, employer, or other person injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall, after the giving and during the existence of the notice provided for in the next section, have a right of action in his or her own name, severally or jointly, against any person or persons who, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person."

Section 4357, Revised Statutes, re-enacted as Section 6203 of the General Code, in 1910, read as follows:

"A husband, wife, child, parent, guardian, employer or other person injured in person, property, or means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of a person,

after the giving and during the existence of the notice provided in section sixty-two hundred and five, shall have a right of action in his or her own name, severally or jointly, against any person selling or giving intoxicating liquors which cause such intoxication, in whole or in part, of such person.''

It will be noted that under Section 4357, Revised Statutes, it is clear that the giving of the notice was a prerequisite to the bringing of the action, but in enacting Section 6203, General Code, in 1910, the codifiers transposed the word, ''shall,'' from before the word, ''after,'' to before the phrase, ''have a right of action,'' and after the clause relating to the notice.

In 1933, Section 6205, General Code, was repealed (115 Ohio Laws, pt. 2, 164), and provision was made in Section 6064-22, General Code (115 Ohio Laws, pt. 2, 140), for an order of the department prohibiting the sale of liquors to an habitual drinker. Section 6203, General Code (115 Ohio Laws, pt. 2, 158), was correspondingly amended by referring to the order of the department in lieu of the notice formerly provided.

The Act of 1906 (98 Ohio Laws, 221), creating the Codifying Commission, provided:

''The said commissioners shall bring together all the statutes and parts of statutes relating to the same matter * * * making alterations to harmonize the statutes with the Constitution as construed by the courts, reconcile contradictions, supply omissions, and amend imperfections in the original acts, so as to reduce the general statutes into as concise and comprehensive a form as is consistent with clear expression of the will of the General Assembly, rejecting all equivocal and ambiguous words, and circuitous and tautological phraseology.''

In case of doubt and uncertainty as to the meaning of a provision of the Code, resort in ascertaining its

true meaning may properly be had to the act or Code from which the provision was derived. It is a settled rule of construction that where legislation has undergone revision and consolidation by codification, the provisions of the Code will be presumed to bear the same meaning as the original sections and will be so construed unless it appears that a change was intended by the Legislature, and a court is warranted in changing the effect of a statute which has undergone revision only when the intent of the Legislature to make such change is clear. *State, ex rel. Clough & Co.,* v. *Commrs. of Shelby County,* 36 Ohio St., 326; *Allen* v. *Russell,* 39 Ohio St., 336; *Heck* v. *State,* 44 Ohio St., 536, 9 N. E., 305; *State, ex rel. Baumgardner,* v. *Stockley,* 45 Ohio St., 304, 308, 13 N. E., 279; *State* v. *Toney,* 81 Ohio St., 130, 90 N. E., 142; *Baltimore & Ohio Rd. Co.* v. *Nobil,* 85 Ohio St., 175, 97 N. E., 374, Ann. Cas. 1913A, 1019; Cf. *State* v. *Williams,* 104 Ohio St., 232, 135 N. E., 651; *Sears* v. *Weimer,* 143 Ohio St., 312, 316, 55 N. E. (2d), 413.

It can hardly be contended that by the mere transposing of the word, "shall," the Legislature intended to make the notice of the order a prerequisite only in a case relating to the consequence of intoxication, habitual or otherwise, and thereby afford a right of action to a person injured by an intoxicated person regardless of notice.

It is therefore concluded that the demurrer was properly sustained and that the judgment be affirmed.

*Judgment affirmed.*

CONN and HUNSICKER, JJ., concur.

HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Sixth Appellate District.