ROBINSON, EXRX., APPELLANT, *v.* STILGENBAUER ET AL.;
FERRERO, APPELLEE.

(No. 41029—Decided May 8, 1968.)

*Messrs. Reminger & Reminger,* for appellant.
*Mr. Paul V. Howell,* for appellee.

*Per Curiam.* Plaintiff concedes that Ferrero was never notified by the Department of Liquor Control not to sell intoxicants to Stilgenbauer.

Although the evidence offered in opposition to the motion for summary judgment might support reasonable inferences (1) that Stilgenbauer's wife told defendant Ferrero not to "serve" Stilgenbauer "when he was drunk" and (2) that defendant Ferrero knew that Stilgenbauer sometimes became intoxicated, there is nothing in the record that will support a reasonable inference that Stilgenbauer had been drinking when he came to Ferrero's tavern at 7:15 a. m. on the day of the collision or was intoxicated when he left, or that the amount of liquor served to him at that time proximately caused the collision over three hours later. Further, we do not believe that reasonable minds could conclude from any evidence before the court on the motion for summary judgment that Stilgenbauer was a known habitual drunkard.

Hence, we do not reach the question of law that we believed was involved in this case at the time we allowed the motion to certify, *i. e.*, whether there may be in this state a cause of action against a liquor vendor for damages proximately resulting from his negligent sale of intoxicating beverages to a known habitual drunkard. See *Rappaport* v. *Nichols* (1959), 31 N. J. 188, 156 A. 2d 1, 75 A. L. R. 2d 821; *Farmers Mutual Auto Ins. Co.* v. *Gast* (1962), 17 Wis. 2d 344, 117 N. W. 2d 347; *Elder* v. *Fisher* (Ind. 1966), 217 N. E. 2d 847; *Jardine* v. *Upper Darby Lodge* (1964), 413 Pa. 626, 198 A. 2d 550; *Ramsey* v. *Antcil* (1965), 106 N. H. 375, 211 A. 2d. 900; and 9 Cleveland Marshall Law Review 302 (1962). Therefore, we express no opinion on that question of law.

*Judgment affirmed.*

Taft, C. J., Zimmerman, Duffy, Herbert, Schneider and Brown, JJ., concur.

Duffy, J., of the Tenth Appellate District, sitting for Matthias, J.