MASON, ADMR., APPELLEE, *v.* ROBERTS; TESTER, D. B. A. CORNER BAR, APPELLANT.

(No. 72-67—Decided March 14, 1973.)

Messrs. *Gongwer & Shafer* and *Mr. Philip H. Shafer,* for appellant.

Messrs. *Mason, Mason & Fridline* and *Mr. Josiah L. Mason,* for appellee.

STERN, J. The Court of Common Pleas, in sustaining defendant's motion for summary judgment, viewed this cause as singularly involving R. C. 4399.01 (the Dram Shop Act), and concluded that this statute constituted the exclusive remedy for the recovery of damages in a wrong-

ful death action brought against a liquor permit holder who sold intoxicating liquor for consumption on the premises to another allegedly intoxicated patron who committed the violent act. It having been shown by affidavits that the name of the patron who committed the act did not appear on any "blacklist," as required by R. C. 4301.22(C), the Court of Common Pleas concluded that this action could not lie.

We agree that an action brought under R. C. 4399.01 will not lie unless the name of the allegedly intoxicated patron appeared on the requisite order set forth by the Department of Liquor Control. See R. C. 4399.01 and paragraph one of the syllabus in *Ramon* v. *Spike* (1951), 92 Ohio App. 49.

However, to hold that the enactment of R. C. 4399.01 had the effect of prohibiting any other cause of action from being asserted by a third person against a dispenser of intoxicating beverages, for harm caused by the recipient of those beverages, would serve to distort the purpose of the Dram Shop Act. As stated in *Howlett* v. *Doglio* (1949), 402 Ill. 311, 317, 83 N. E. 2d 708, it was the purpose of these sort of acts that they "shall be liberally construed, to the end that the health, safety and welfare of the people of this state shall be protected and temperance in the consumption of alcoholic liquors fostered and promoted by sound and careful control and regulation of their manufacture, sale and distribution." See, also, annotation, 6 A. L. R. 2d 798, and *Warner* v. *Wolfe* (1964), 176 Ohio St. 389.

Judge Putman in the opinion of the Court of Appeals in this cause correctly concluded: "The manifest purpose of the enactment of the so-called blacklisting statutes was to increase public protection by imposing absolute or strict liability in those cases. It defeats the real purpose of the enactment of the blacklisting statute to twist it into an immunity bath for all other cases." The entire petition then must be examined to ascertain whether some other actionable cause has been brought into controverted issue by the pleadings.

The pleadings are sufficient to raise the issue of liabil-

ity based upon the sale of intoxicating beverages to an intoxicated patron or a patron who habitually drinks intoxicating liquors to excess. Addressing itself to this issue the Common Pleas Court determined that "at common law there was no recognizable cause of action maintainable against one who sold, gave away or furnished intoxicating liquors to a person who thereafter as a result of such intoxicants caused injury or damage to a third person." This common-law principle stemmed from the presumption that it was the consumption rather than the sale which constituted the proximate cause of the harm done the third party. This principle has diminished over the years, culminating in at least two possible exceptions, both of which are raised by the petition.

On the one hand, the issue of proximate cause has been properly left to the jury where the allegations, supported by the evidence, are such that, to the seller's knowledge, the purchaser's will to refrain is so impaired that it is not possible for him to refrain from drinking the liquor when it is placed before him. *Pratt* v. *Daly* (1940), 55 Ariz. 535, 104 P. 2d 147. This court applied this rationale in *Flandermeyer* v. *Cooper* (1912), 85 Ohio St. 327, involving the intentional sale of morphine to one known to be so weak in mind as to be unable to refuse it.

Alternatively, the sale of intoxicants has been determined to be the proximate cause of subsequent harm to a third party when such sale is contrary to statute. See 45 American Jurisprudence 2d 854, Intoxicating Liquor, Section 555, and cases cited. R. C. 4301.22(B) and (C), respectively, prohibit the sale of beer or intoxicating liquor to "an intoxicated person" or "to any individual who habitually drinks intoxicating liquor to excess."

Furthermore, the permit holder's liability herein does not rest solely on the question of whether the alleged sale and subsequent consumption of alcohol caused the ultimate conduct of the assailant. We see no reason why the proprietor of a business establishment wherein alcoholic beverages are dispensed for consumption on the premises

should be held to a lesser duty than the proprietor of premises being used for other business purposes (see *Howard* v. *Rogers* [1969], 19 Ohio St. 2d 42). The pleadings herein are such as to bring this issue into controversy.

We hold that in a wrongful death action against a liquor permit holder to recover damages for the death of a bar patron, whether the death resulted from an assault and battery committed by a drunken patron, whether the defendant continuing to serve liquor to the drunken patron created a danger to the decedent, whether the defendant realized or in the exercise of reasonable care should have realized the danger to decedent, and whether the action taken by the defendant to protect the deceased patron from that danger was reasonable under all the circumstances, are ordinarily questions for the jury, and where such issues of fact are in controversy summary judgment will not lie.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and GRAY, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for P. BROWN, J.