**Frank NELSON et al.,**
**Plaintiffs-Appellants,**

v.

**Joseph A. GAMMON et al.,**
**Defendants-Appellees.**

**No. 79–3649.**

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1981.

Decided May 7, 1981.

qua Industries, Inc. (Fuqua). Appellant Nelson owned 100 shares of National common stock and appellant Swolsky was owner of 4,592 National shares. The suit was filed against the two corporations and six former directors of National, seeking money damages of $3,596,921.25 and the unwinding of the merger of the two corporations.

After extensive discovery, District Judge Thomas A. Ballantine, Jr. granted the motion of defendants for summary judgment and dismissed the action. Plaintiffs appeal. We affirm. Reference is made to the comprehensive opinion of District Judge Ballantine, *Nelson v. Gammon*, 478 F.Supp. 630 (W.D.Ky.1979), for a recitation of pertinent facts.

Urging reversal of the decision of the district court, appellants contend that the district court erred in granting summary judgment for four reasons: (1) Shareholders' derivative actions should not be disposed of summarily; (2) plaintiffs had not completed discovery; (3) there were many disputed genuine issues of material facts; and (4) the evidence clearly established that the defendant directors of National received premiums, in exchange for which they used their offices, influence and assistance to bring about the acquisition of National by Fuqua and thereby violated their fiduciary duties. Appellants ask that the merger of the two corporations be unwound because the shares acquired from the directors were "tainted", and without these shares the required statutory number would not have voted in favor of the merger.

Applying Kentucky law, Judge Ballantine held that the acts of the directors were not illegal and the retention of some of National's directors by Fuqua following National's merger with Fuqua did not create a disqualifying conflict of interest. He found there was a full disclosure to all the shareholders of National and that they received the same price for their shares pursuant to the tender offer that the directors had received by way of private negotiations. The record demonstrates that the merger resulted in benefit to National and

Leon Seidman, Louisville, Ky., Frederick Beihl, Shook, Hardy & Bacon, Kansas City, Mo., for plaintiffs-appellants.

Fred M. Goldberg, Jonathan D. Goldberg, Bert Combs, H. Alexander Campbell, Louisville, Ky., for defendants-appellees.

Before LIVELY and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is a shareholders' derivative action filed by two stockholders. Jurisdiction is based upon diversity of citizenship. Kentucky law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The action arose out of the merger of National Industries, Inc. (National) and Fu-

712

that there was full disclosure to the other shareholders. Judge Ballantine correctly held that Kentucky law permits inducements to be paid to directors in exchange for recommendations in favor of a tender offer where there is a full disclosure, and that those shareholders who waited until the completion of the merger were in a position to receive as much for their shares as the directors received for their own.

Upon consideration of the briefs, oral arguments and the entire record, the court concludes that the plaintiffs were afforded an adequate opportunity to conduct discovery, that there are no genuine issues of material fact, that the district court correctly applied the controlling law of Kentucky, and that there was no error in the granting of summary judgment.

The judgment of the district court is affirmed.