**Robert A. TOMLINSON, et al., Plaintiffs,**

v.

**Robert J. McCUTCHEON, et al., Defendants.**

**No. C82–563Y.**

United States District Court, N.D. Ohio, E.D.

Dec. 23, 1982.

James Thomas Sloan, Jr., Sloan, Benefiel & Farrer, Kalmazoo, Mich., and Owen C. Neff, Snyder Neff & Chamberlin, Cleveland, Ohio, for plaintiffs.

Ronald V. Rawlin, Rhoa, Follen, Rawlin & Johnson, Cleveland, Ohio, for Robert J. McCutcheon.

Robert G. Buck, Jr., Quandt, Giffels, Buck & Rogers, Cleveland, Ohio, for Charles A. Taylor.

## MEMORANDUM and ORDER

BEN C. GREEN, Senior District Judge:

Plaintiff Robert A. Tomlinson was driving a truck on the Ohio Turnpike in Mahoning County during the early morning of April 12, 1980. The truck was struck from behind by a car driven by defendant Robert J. McCutcheon, who, it appeared later, was drunk.

Tomlinson brings this action against McCutcheon for damages resulting from personal injuries suffered in the crash. Tomlinson's wife, Lois, seeks damages for loss of services and consortium. Roger Harris, the owner of the truck which Tomlinson was driving, joins as a party plaintiff and seeks damages for repairs to and loss of use of the truck.

Also named a defendant is Charles A. Taylor, who is proprietor of Chuck's Tavern, a bar in which McCutcheon spent most of the evening prior to the crash.

All plaintiffs reside in the State of Michigan. All defendants reside in the State of Ohio. Diversity is complete, and more than $10,000 is at issue. This court therefore has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

Defendant Taylor has moved for summary judgment in his favor, asserting that as a matter of Ohio law, he cannot be held liable under the facts as they appear. Plaintiffs have opposed the motion.

From the pleadings, affidavits, and answers to interrogatories heretofore filed, the following material facts are undisputed.

Defendant McCutcheon spent most of the evening hours of April 11, 1980 at Chuck's Tavern, a bar in McDonald, Ohio owned and operated by defendant Taylor. McCutcheon admits to drinking four to six bottles or glasses of beer between 8 p.m. and 11 p.m. that night. McCutcheon also admits to having collided with the truck driven by Tomlinson. McCutcheon was thereafter administered an alcohol intoxication test by the Ohio Highway Patrol, the results of which showed a blood alcohol content of .12%. Such a content raises a presumption of intoxication under Ohio law. Section 4511.19, Ohio Revised Code (Page, 1973).

Defendant Taylor denies any specific knowledge of these facts, but for the purposes of this motion appears to admit them. Taylor argues instead that even if McCutcheon became intoxicated in his tavern he is not liable because he breached no duty owed plaintiffs under Ohio law.

The parties agree that defendant Taylor's liability, if any, is based upon one or both of the following statutes. Section 4399.01, Ohio Revised Code, reads, in part:

A ... person injured ... by an intoxicated person, or in consequence of the intoxication ... of a person, after the issuance and during the existence of an order of the department of liquor control prohibiting the sale of intoxicating liquor ... to such person, has a right of action ... against any person selling ... intoxicating liquors which cause such intoxication.

Section 4301.22(B), Ohio Revised Code, reads:

No sales [of beer or intoxicating liquor] shall be made to an intoxicated person.

It appears certain that liability in this case cannot be predicated upon § 4399.01. It appears from defendant Taylor's unrebutted affidavit that defendant McCutcheon was not "blacklisted" by the Ohio Department of Liquor Control on the date in question. Therefore, § 4399.01 does not create liability in this case.

Thus, defendant Taylor's liability, if any, must be predicated upon § 4301.22(B) O.R.C. Plaintiff argues (although it does not appear in the record) that even though defendant McCutcheon became intoxicated, Chuck's Tavern continued to serve him beer.[1] Thus, plaintiffs argue, Taylor violated § 4301.22(B), was negligent *per se*, and is liable for damages proximately caused. Taylor argues that the statute imposes no duty on him to protect persons outside his tavern from injuries caused by drunken patrons.

Since this Court has jurisdiction pursuant to diversity, it must apply Ohio law. *Nelson v. Gammon,* 647 F.2d 710 (C.A. 6, 1981); *Hogan v. Wright,* 322 F.2d 83 (C.A. 6, 1963); 28 U.S.C. § 1652.

■ A determination of state law by the Ohio Supreme Court is binding upon this Court. *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (C.A. 6, 1981); *General Insurance Co. of America v. Lowry,* 570 F.2d 120 (C.A. 6, 1978). If the Ohio Supreme Court has not decided a dispositive issue, then this Court must determine what the law is in this state, and apply it. *Id.; Coleman v. Western Electric Co.,* 671 F.2d 980 (C.A. 6, 1982); *Davis v. Drackett Products Co.,* 536 F.Supp. 694 (S.D.Ohio, 1982).

■ Absent a Supreme Court decision, an important indicator of Ohio law is a decision of a Court of Appeals of the state, unless other facts suggest the Supreme Court would decide otherwise. *Id.*

■ The precise question now at issue is whether § 4301.22(B) imposes liability on a tavern owner for injuries suffered by a third person, if the injuries were the proximate result of the serving of beer to an intoxicated patron by the tavern owner or employee. In a 1968 decision, the Supreme Court expressly declined to reach that issue. *Robinson v. Stilgenbauer,* 14 Ohio St.2d 165, 237 N.E.2d 136 (1968).

This Court has found but one other Supreme Court decision reasonably on point. In *Mason v. Roberts,* 33 Ohio St.2d 29, 294 N.E.2d 884 (1973), the Court held (a) that § 4399.01 is not the sole basis for liability of a bartender who serves a patron, who, while intoxicated, injures another; that liability may also be predicated on § 4301.22(B),[2] and (b) that a bartender may be held liable to the estate of a deceased patron who was assaulted and received fatal injuries from a drunken patron. While the first holding is helpful, the second is not.

The basis for the second holding is not clear. At 33 Ohio St.2d 33, 34, 294 N.E.2d 884, the Court discusses three alternate bases for finding liability on the part of the bartender, all couched in language appropriate to the central issue in that case: whether summary judgment had been properly granted or whether a jury question was presented. None of the bases is explicitly identified as preferred, and only by inference does the last reason—the common law

---

1. There is no evidence in the record which would support or refute this element of fact, and this Court would be justified in denying summary judgment on the grounds that there existed an issue of material fact. Civ.R. 56(c). Because the motion for summary judgment was made by defendant Taylor, however, this Court is obliged to construe the evidence in a light most favorable to plaintiffs. *Smith v. Hudson,* 600 F.2d 60 (C.A. 6, 1979). Therefore, for the sake of judicial economy, this Court will assume that McCutcheon continued to be served by defendant Taylor while the former was intoxicated. In so doing, this Court in no way lessens the burden on plaintiffs to prove such element of fact as a necessary part of their case.

2. *Mason* thus overrules *Ramon v. Spike,* 92 Ohio App. 49, 109 N.E.2d 327 (Erie Co., 1951), cited by defendant Taylor in support of his motion.

duty of a proprietor to a business invitee—appear predominant. Thus, although a violation of § 4301.22(B) is mentioned as a basis for liability, 33 Ohio St.2d 33, 294 N.E.2d 884, it cannot be said that a violation of the statute led to the finding of potential liability of the tavern owner.

Further, the precise facts in *Mason,* important to its ultimate holding, are also unclear. From a reading of the Supreme Court opinion, and particularly the syllabus, it would appear that the decedent received his fatal injuries on the premises of the bar itself. Thus, liability could be predicated on the common law duty of a proprietor to a business invitee. A reading of the decision of the Court of Appeals in the case, at 35 Ohio App.2d 29, 300 N.E.2d 211 (Ashland Co., 1971), would suggest the same set of facts. But a subsequent decision, *Kemock v. The Mark III,* 62 Ohio App.2d 103, 16 O.O.3d 254, 404 N.E.2d 766 (Cuyahoga Co., 1978), suggests that the Supreme Court misstated the facts; that the fatal assault in *Mason* occurred off the tavern premises. Because of this perceived error, the *Kemock* court found *Mason's* holding to be "unclear." This Court is unable to resolve this factual dispute, but finds that the dispute lends further ambiguity to the rule of law set forth in the syllabus in *Mason.*

Third, while some facts in *Mason* may be at issue, others are not. It is undisputed that the decedent was himself a patron of the bar. See, 33 Ohio St.2d at 34, 294 N.E.2d 884, 35 Ohio App.2d at 31, 300 N.E.2d 211. It is also undisputed that plaintiff Tomlinson herein was *not* a patron of Chuck's Tavern.

Thus, the most which can be said of *Mason's* effect on this case is that it reflects a willingness of the Ohio Supreme Court to abandon outdated rationale which wholly absolved tavern owners of liability for acts by their intoxicated patrons. See, 33 Ohio St.2d at 33, 294 N.E.2d 884.

Published opinions of Ohio's appellate courts are also few and not on point.

*Kemock v. The Mark III,* 62 Ohio App.2d 103, 16 O.O.3d 254, 404 N.E.2d 766 (Cuyahoga Co., 1978) is the most recent and the most analytical of the appellate decisions cited to or found by this Court. The facts in *Kemock* do not match those in this case. In *Kemock,* the bartender continued to serve intoxicants to a patron who was obviously inebriated; the patron was thereafter killed when the car he was driving struck a tree. The administrator of the patron's estate thereafter brought a wrongful death action against the bar owner.

Both the administrator and the bar owner apparently assumed that under such facts liability had attached subject only to an affirmative defense. But the Court of Appeals was not willing to make such an assumption, and engaged in an extended analysis of the threshold liability issue. See, 62 Ohio App.2d at 111–115, 16 O.O.3d 254, 404 N.E.2d 766.

The Court of Appeals found persuasive the decisions of the California Supreme Court in *Ewing v. Cloverleaf Bowl,* 20 Cal.3d 389, 143 Cal.Rptr. 13, 572 P.2d 1155 (1978) and *Vesely v. Sager,* 5 Cal.3d 153, 486 P.2d 151 (1971). Summarized, these decisions stand for the propositions that "the furnishing of an alcoholic beverage to an intoxicated person may be the proximate cause of injuries," *Vesely,* at 5 Cal.3d 164, 486 P.2d 159; "regardless of whether a third party injured by an intoxicated customer or a customer himself sues a bartender." *Ewing,* at 20 Cal.3d 400, 143 Cal.Rptr. 18, 572 P.2d 1160.

The *Kemock* court thus found liability on the part of The Mark III, a finding perhaps rendered *dictum* by a subsequent holding that recovery was barred because the patron's death was caused by his own contributory negligence. See Day, J., concurring in judgment only at 62 Ohio App.2d 120, 16 O.O.3d 254, 404 N.E.2d 766.

*Taggart v. Bitzenhofer,* 35 Ohio App.2d 23, 299 N.E.2d 901 (Hamilton Co., 1972), involved facts very similar to those in *Mason.* A tavern owner continued to serve intoxicants to an inebriated patron, who shot and killed another patron. The Court of Appeals held the tavern owner liable for wrongful death based on a common law proprietor-business invitee theory. The Court of Appeals also held that a violation

of § 4301.22(B) constituted negligence *per se.*

In so holding, the Court of Appeals found persuasive the finding of the Supreme Court of New Jersey in *Rappaport v. Nichols,* 31 N.J. 188, 156 A.2d 1 (1956):

> Where a tavern keeper sells alcoholic beverages to a person who is visibly intoxicated, ... he ought to recognize and foresee the unreasonable risk of harm to others through action of the intoxicated person ...

Plaintiffs herein have quoted further from *Rappaport,* at 156 A.2d 8:

> The negligence [of the tavern owner] may consist in the creation of a situation which involves unreasonable risk because of the expectable act of another.
>
> \*     \*     \*     \*     \*     \*
>
> When alcoholic beverages are sold by a tavern keeper to ... an intoxicated person, the unreasonable risk of harm not only to ... the intoxicated person, but also, to members of the travelling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is common place and accidents from drinking are so frequent.

The Court of Appeals' decision in *Taggart* was affirmed, without analysis, by the Ohio Supreme Court, 33 Ohio St.2d 35, 294 N.E.2d 226 (1973).

Defendant Taylor seeks to avoid the negligence *per se* finding in *Taggart,* arguing that § 4322.01(B) imposes no duty for the benefit of the general public, but rather only a duty enforceable by state itself, or perhaps other patrons of the bar. Since plaintiffs are not among the class of persons the statute was enacted to protect, defendant Taylor argues, they may not rely upon it in support of their claim.

In *State v. Morello,* 169 Ohio St. 213, 158 N.E.2d 525 (1959), a case involving prosecution for a violation of § 4322.01(B), the Ohio Supreme Court held that the "common good" imposes a duty on a bartender to know whether a customer is intoxicated. Further, in *Mason,* the Supreme Court, considering the import of § 4322.01(B), wrote:

> ... the purpose of [liquor control] acts [is] that they "shall be liberally construed, to the end that the health, safety, and welfare of the people of this state shall be protected and temperance in the consumption of alcoholic liquors fostered....

■ Thus, this Court concludes that § 4322.01(B) was enacted for the protection of the general public, that violation of the statute constitutes negligence *per se,* and that plaintiffs are within the class of persons intended to be protected by the statute.

■ Further, based on the decisions of Ohio's courts as discussed above, and based on the decisions of other states which the courts of Ohio have found persuasive, this Court concludes that the law of Ohio imposes liability upon a tavern keeper who serves intoxicants to an intoxicated person, and thereby proximately causes injury or damage to another.

The motion for summary judgment is, therefore, denied.

IT IS SO ORDERED.