## INDUSTRIAL COMM v SIMPSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2391. Decided April 19, 1934

Donald H. Hoskins, Prosecuting Attorney, Columbus; and Joseph E. Bowman, Asst. Prosecuting Atty., Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

## OPINION

By BARNES, J.

If the application signed by Waylon W. Simpson and attached to the bill of exceptions as an exhibit was properly admitted and has any probative force, then the

judgment of the court below must be sustained. If, on the other hand, this application was improperly admitted in evidence, then the judgment of the court below must be reversed.

Aside from this application there is no evidence showing that Waylon W. Simpson received an injury in the course of his employment. There might be circumstances from which the jury might properly determine that Mr. Simpson received an injury some time, somewhere or in some manner to his testicle. There is no evidence from which it can be determined that he received such injury in the course of his employment, except as we find the recital in his application. The trial court admitted this testimony on the authority of **Coutellier et v Industrial Commission of Ohio, 126 Oh St, 546.** The first syllabus in substance says that declarations of a decedent made to his physicians or others, narrating the cause which is claimed to have contributed to his death, are self-serving and inadmissible unless they are made under such circumstances as to cause them to be part of the res gestae. The trial court properly excluded evidence of this character. It could not be successfully contended that any such statements were a part of the res gestae.

The second syllabus is pertinent on the question of the admissibility of the application. The rule is announced that

"A report or complaint blank furnished by the Industrial Commission which the Commission requires to be filled out and signed by the applicant, his physician and employer is admissible evidence."

It will be noted that the court does not say that the blank signed by the applicant alone would be sufficient. The language used is "blank * * * signed by the applicant, his physician or employer is admissible." Under the language used it still would be a debatable question as to whether or not the blank signed by the applicant alone is admissible. Reading further from the second syllabus we find this:

"But a certificate signed by the employer attesting the truth of the statements or declarations of the applicant pertaining to the cause of the injury has no evidentiary value if it be proved that the certificate was based solely upon self-serving declarations contained in the application."

Attention is called to the fact that the court uses the expression "upon self-serving declarations contained in the application." It is a well-recognized principle of law that self-serving declarations are not admissible under any circumstances, and the Supreme Court in the above case referred to the claimant's application as self-serving. We can arrive at no other conclusion than that the signed certificate of the employer as to the truthfulness and correctness of the claimed injury is the necessary element to make the blank admissible. In the instant case the employer did not sign the certificate at all, or at least none is presented in the evidence. The signed statement of the attending physician, who, in fact, was an employee of the company, makes no reference to any accident or injury at all, nor does he by reference attest the correctness of any statements made by the applicant. The paragraph of the opinion by Judge Jones, (Coutellier and supra) starting at the top of page 549, elaborates with a little more detail on the principle announced in the second syllabus.

We have examined the syllabus of a very recent case decided by the Supreme Court, entitled **Industrial Commission v Bartholomew, found in the Ohio Law Bulletin and Reporter, under date of March 19, 1934, at page 367.** In this case it is held that:

"the transcript of claimant's testimony on file with the Industrial Commission as to the time, place, manner, nature and extent of his injury, which testimony was given by him under oath on rehearing before the Industrial Commission by its counsel cross-examining the claimant, is admissible upon the trial in an appeal from a denial of a death award to his dependent or dependents, for all purposes for which the transcript was available to claimant."

We do not see that this principle can aid the plaintiff in the instant case. The unverified statement in the application is not the equivalent of the transcript of evidence given under oath on a rehearing where the Industrial Commission had the right of cross-examination. We have procured and examined the manuscript opinion in the Bartholomew case. In the first syllabus above referred to we find that the **Industrial Commission v Davis, 126 Oh St, 593,** is distinguished. In the Industrial Commission v Davis, supra, the third syllabus reads as follows:

"The record of the Industrial Commission showing the findings and order in a proceeding instituted by the claimant for

compensation for injuries sustained, is not competent evidence in a subsequent action by the dependents of such former claimant, wherein they seek compensation for his death."

The Davis case is distinguished only so far as syllabus in Bartholomew case determines that transcript of evidence of deceased claimant is admissible in support of death claim.

It is our conclusion that the application presented in evidence and attached to the appeal as an exhibit was improperly introduced in evidence and for that reason the judgment of the lower court must be reversed. The cause is remanded for further proceedings according to law. Costs are awarded against defendant in error. Exceptions will be allowed to defendant. Entry may be drawn in conformity with the above.

HORNBECK, PJ, and KUNKLE, J, concur.