err in instructing a verdict for the defendant and in entering judgment thereon.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross, J., concurs.

BANICK ET AL., APPELLANTS, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 3382—Decided April 23, 1941.)

*Mr. Howard C. Walker* and *Mr. E. E. Zesiger,* for appellants.

*Mr. Thomas J. Herbert,* attorney general, *Mr. E. P. Felker* and *Mr. Robert E. Hall,* for appellee.

STEVENS, J. This is an appeal on questions of law from an order of the Court of Common Pleas, denying plaintiffs the right to participate in the workmen's compensation state insurance fund.

The case was submitted to the Court of Common Pleas on the single issue: "Did plaintiffs' decedent receive an accidental injury within the course of his employment?"

The only evidence upon that issue was the testimony of Milo Staich, who, upon direct examination, was asked certain questions which required hearsay answers. Objections were made and sustained to those questions, and the answers were proffered.

Upon cross-examination by defendant, said witness was asked: "Q. Well, he (the decedent) told you, though, that he had fallen?" The answer was "Yes." Counsel for plaintiffs, upon redirect examination, asked the following questions:

"Redirect Examination by Mr. Cerrezin.

"Q. What did he say to you about having fallen?

"Mr. Henley: Object.

"Referee: Sustained.

"Mr. Cerrezin: Except and proffer. He went into it.

"Referee: It has been testified to both—on direct examination—

"Mr. Cerrezin: Yes, but over objection.

"Referee: The ruling will stand.

"Mr. Cerrezin: Except and proffer.

"A. I did not—

"Mr. Cerrezin: Will you read the question to him?

"(Question 1 read)

"Mr. Henley: I object.

"Referee: Sustained.

"Mr. Cerrezin: Except and proffer.

"A. He just said he fell off the ladder is all I can remember.

"Mr. Cerrezin: Will you again read the question?

"(Question 1 read).

"A. He first said he fall off the ladder where he worked on the job, Firestone house.

"Q. Did he tell you when he fell off the ladder?

"Mr. Henley: Object.

"Referee: Sustained.

"Mr. Cerrezin: Except and proffer.

"A. The day before I met him."

It is the claim of plaintiffs (appellants) that the asking of the one question on cross-examination (as above set out) by counsel for the commission "opened the door" so that counsel for plaintiffs then might properly ask the questions which were propounded on redirect examination, on the theory that the commission, having introduced part of a hearsay conversation, the plaintiffs were entitled to introduce the remainder of that conversation.

It is conceded that if the evidence proffered by plaintiffs on redirect examination is not properly admissible, then no right to participate in the state insurance fund can be shown to exist in plaintiffs.

It must be remembered that the evidence offered on cross-examination and attempted to be offered on redirect examination, contravenes the hearsay-evidence rule.

The rule for which plaintiffs (appellants) contend, i. e., the right to use an entire statement or conversation, where one's adversary introduces part thereof, has to do ordinarily with admissions or declarations against interest, which, because of their very nature, are deemed admissible in evidence against the party making them. That rule is stated in 20 American Jurisprudence, Evidence, Section 551, as follows:

"Use of Entire Statement or Conversation.—If a statement is admissible in evidence as an admission or declaration, it is admissible as an entirety, including parts that are unfavorable, as well as those that are favorable, to the party offering it in evidence. In the event a statement admitted in evidence constitutes part of a conversation or correspondence, the opponent is entitled to have placed in evidence all that was said or written by or to the declarant in the course of such conversation or correspondence, provided the other statements have some bearing upon, or connec-

tion with, the admission or declaration in evidence and are not excluded by a rule of law other than the hearsay rule."

See also VII Wigmore on Evidence (3d. Ed.), Section 2113.

The evidence under consideration, however, does not in any respect fall within the definition of declarations or admissions against interest. On the contrary, in our opinion, it should be properly classified as hearsay and as a self-serving declaration of the decedent.

Concerning self-serving declarations, 20 American Jurisprudence, Evidence, Section 558, states the following:

"Self-serving Declarations.—There is a general rule that self-serving declarations, defined as statements favorable to the interest of the declarant, are not admissible in evidence as proof of the facts asserted, whether they arose by implication from acts and conduct or were made orally or reduced to writing. The vital objection to the admission of this kind of evidence is its hearsay character. Furthermore, such declarations are untrustworthy; to permit their introduction in evidence would open the door to frauds and perjuries."

The mere fact that counsel for the Industrial Commission, through inartistic cross-examination, brought out a hearsay declaration of decedent favorable to the plaintiffs, does not, in our opinion, "open the door" for the admission, upon redirect examination, of further explanatory hearsay statements in the nature of self-serving declarations, which are claimed to constitute part of the same conversation, where objections to such evidence are interposed by counsel for the commission.

All of such evidence was subject to objection because of its hearsay character. Objections thereto were made and properly sustained.

We find no error in the ruling of the trial court.

*Judgment affirmed.*

DOYLE, P. J., and WASHBURN, J., concur.