KODISH ET AL., APPELLANTS, v. PUBLIC EMPLOYEES RETIREMENT BOARD, APPELLEE.

[Cite as Kodish v. Board (1975), 45 Ohio App. 2d 147.]

2. The test to be utilized in granting a motion to dismiss for a failure to state a claim upon which relief can be granted is whether it appears beyond doubt that the

148

*Ms. Joyce J. George,* for appellants.

*Mr. William J. Brown,* Attorney General, *Mr. Irving B. Marks* and *Mr. Thomas R. Anderson,* for appellee.

McCormac, J. Plaintiffs have appealed a decision of the Franklin County Court of Common Pleas dismissing their amended complaint for failure to state a claim upon which relief can be granted.

The substance of the amended complaint is that plaintiffs are present and former unclassified employees of the state who have or are contributing to the Public Employees Retirement System (hereafter, referred to as PERS), and whose pay is or was withheld and deposited in the PERS of Ohio, subject to law. The basic complaint is that when employees leave public service prior to retirement or death, only their contributions are returned without interest for the time PERS had the use of their money. They further allege that the PERS board has failed to provide standards or guidelines for administering the fund, and that their property has been taken without due process of law, as it has been used without payment of interest. The trial court granted defendant's motion to dismiss for failure to state a claim, stating as follows:

"Central to the constitutional infringements claimed in the Complaint is Ohio Revised Code Section 145.40. This section provides, in relevant part, that when a member of the public employees' retirement system ceases to be a public employee for any cause other than death or retirement, he shall, upon application, receive the amount of his accumulated contributions to the fund provided three months have elapsed since his public employment was terminated.

"The underlying basis for the Complaint appears to be that a member who terminates state employment before death or retirement is deprived of constitutional rights by not receiving interest on the sum of his contributions.

"This Court views Section 145.40 as a part of the contractural (sic) agreement between the state and the employee and, as such, finds no constitutional right to interest on the contributions referred to in that section. This term of the employment contract is clear and is a part of the consideration exchanged between the parties. If it should confer greater benefits, this is not a matter of constitutional right to due process or equal protection of the law.

"The terms of Section 145.40 seem to leave no issue for which notice, hearing and appeal are required to insure protection of constitutional rights. Further, no facts are set forth in the Complaint which indicate that the rights of these Plaintiffs have been violated by a lack of notice, hearing and appeal.

"The Court also finds that no denial of equal protection of the law is stated in the Complaint for a lack of rules and regulations to provide definitions and procedures, pursuant to Section 145.40 as to these Plaintiffs.

"Defendant shall prepare and submit a Judgment Entry in accordance with Court Rule 39.01."

From the trial court's ruling the plaintiffs have set forth the following assignments of error:

1. The trial court erred in dismissing appellants' complaint and amended complaint for failure to state a claim upon which relief can be granted.

2. The trial court erred in dismissing the appellants' complaint and amended complaint by an interpretation of section 145.40 R. C. without the aid of further pleadings and an opportunity to obtain and present evidence.

3. The trial court erred in its determination that there were no constitutional infringements in the failure of the appellee to provide rules and regulations.

The assigned errors will be considered together as they are interrelated. Plaintiffs first complain that the trial

court interpreted the law concerning the requirement of crediting an employee who withdraws from the system with interest without permitting them to proceed with the evidence or to go through other pleading stages.

The test to be utilized by the trial court in granting a motion to dismiss for failure to state a claim is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley* v. *Gibson* (1957), 355 U. S. 41. That does not mean, however, that the court may not dismiss a case for failure to state a claim upon which relief can be granted because the issues involved are debatable legal issues. Plaintiffs have pointed to no additional facts that might be produced to enable a court to arrive at a conclusion factually different from that which it has already reached. The issue which plaintiffs have presented, which appears to be the sole issue from the pleadings construed most favorably for plaintiffs, is that plaintiffs were or presently are unclassified public employees, and that as part of their employment they were required to contribute to PERS, and that, therefore, they have an unequivocal constitutional right to receive interest on their contributions at the time such employment is terminated. These facts were all taken into account by the court in rendering its decision dismissing the amended complaint for a failure to state a claim upon which relief can be granted. The fact that the decision is debatable legally does not invalidate the trial court's judgment as, under its construction of law, no possible relief was available.

Plaintiffs further complain that the trial court erred in its determination that there were no constitutional infringements in the failure of the defendant to provide rules and regulations. It is true that R. C. 145.09 provides that the PERS board may make all rules and regulations necessary to perform their business. This authority is designed to give the board discretion to implement, if it deems necessary, rules and regulations to provide for the effective administration of their business. Furthermore, R. C. 145.-40 delegates authority to the board to promulgate rules to

implement the orderly refund of contributions. However, nowhere in that grant of authority did the General Assembly confer on the PERS board the responsibility to decide substantive rights, such as crediting interest at the time of refund. The crediting of interest to contributions and the amount to be returned to a former employee are matters concerning the interpretation of legislation, rather than the promulgation of rules and regulations. There is ample procedure for a litigant to challenge the interpretation which the board has placed on the legislation, as has been done in this action. The existence or nonexistence of procedural rules and regulations does not affect that right. The allegations contained in the pleadings do not indicate that the lack of rules and regulations has resulted in unfair treatment of one person who is similarly situated as opposed to another person. Unfair treatment, if it exists, exists solely because of the language used by the General Assembly in the applicable statutes.

The crucial matter in this appeal is the question of whether a proper interpretation of R. C. Chapter 145 is that no interest is to be credited to an employee's refundable contributions during the period that they are retained by the PERS, including the ninety-day period after a request is made for a refund and the period prior to it.

R. C. 145.40 provides for payment to members who cease to be public employees other than through death or retirement, and provides as follows:

"A member who ceases to be a public employee for any cause other than death or retirement, and subject to such rules and regulations as are established by the public employees retirement board, upon application to the board shall be paid the accumulated contributions standing to the credit of his individual account in the employees' savings fund, and in addition thereto, he shall be refunded any principal payment he may have made to restore previously forfeited service credit as provided in section 145.31 of the Revised Code, provided three months have elapsed since his public service was terminated and providing he has not returned to public service during said three-month per-

iod and, further providing, he is not a member of either the school employees retirement system or the state teachers retirement system. The payment of such accumulated contributions shall cancel the total service credit of such member in the public employees retirement system.''

That section provides that the person who ceases to be a public employee is entitled to his accumulated contributions. Accumulated contributions are defined in R. C. 145.01 (J), as follows:

'' 'Accumulated contributions' means the sum of all amounts deducted from the compensation of a member and credited to his individual account in the employees' savings fund together with any current interest thereon, but shall not include the interest adjustment at retirement.''

However, the crediting of current interest referred to in this definition was eliminated by the General Assembly. R. C. 145.01 (I) (1) states, as follows:

''(I) 'Regular interest' means interest at such rates for the respective funds and accounts as the public employees retirement board may determine from time to time except as follows:

''(1) Subsequent to December 31, 1958, the retirement board shall discontinue the annual crediting of current interest to the individual accounts of members. The non-crediting of current interest shall not affect the rate of interest at retirement guaranteed under this division.''

The PERS board has interpreted these statutes to mean that after December 31, 1958, a member who leaves the public employees retirement service through causes other than death or retirement is entitled only to the contributions deducted from his salary, but is not entitled to any interest on those deductions. There is a vested right in the employee's own contributions, but no right to interest for use of the money while such is within the hands of PERS. That interpretation is reasonable and apparently has been uniformly applied since December 31, 1958.

Even if the aforesaid statutes are ambiguous on the basis that they may be interpreted as requiring the discontinuance of the practice of crediting interest on an annual

basis, rather than as abolishing interest payments altogether, the administrative construction should be upheld. R. C. 1.49 sets forth court considerations as to legislative intent, as follows:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters: * * *

"(F) The administrative construction of the statute."

The fact that this administrative construction has been applied since the inception of R. C. 145.01 (I)(1), discontinuing the annual crediting of current interest, and no further amendment has been enacted by the General Assembly provides a strong indication, which is controlling in this case, that the PERS board is carrying out the intent expressed in the statutes.

Plaintiffs contend further that they are being deprived of property rights; to wit, interest on their contribuions, which are involuntarily deducted from their salaries and paid into the PERS and that this use of their property without payment therefor constitutes a denial of due process or equal protection. This contention is not well taken.

State employees have no vested property right in their contributions to a compulsory retirement system unless and until such rights are granted by specific legislation or rule. *Mell* v. *State, ex rel. Fritz.* (1935), 130 Ohio St. 306. Specific legislation does vest rights in the employee's own contributions which are returned without interest under the statutes previously quoted. Furthermore, R. C. 145.561 vests a right to applicable benefits of a more substantial nature to the person who retires or to his survivors in the event of death. However, these statutes merely liberalize what constitutionally may be done without resulting in an infringement of constitutional rights. It would appear that the primary interest of those enacting the legislation applicable to the PERS is to maximize benefits for those who continue in the public service until death or retirement, and to return actual contributions of those who leave the system without additional benefits. The legislative will expressed in these statutes is not contrary to the

provisions of the Ohio or United States Constitution. It may be further noted that all members in the system are recipients of further benefits during the course of their employment, such as substantial benefits to their survivors in the event that they die during the period of their service (R. C. 145.45), insurance benefits (R. C. 145.58), and disability retirement provisions (R. C. 145.36). Consequently, the member who does not serve till his death or retirement does receive benefits other than the return of his actual contribution by virtue of having been a member of the PERS.

One further point raised by plaintiffs is that the absence of rules or regulations by the PERS board, pertaining to a return of contributions, denies a complaining party redress to the courts as required by Section 16, Article I, of the Ohio Constitution. Obviously, plaintiffs have not been denied access to the courts, as demonstrated by their opportunity to obtain a complete disposition of this matter in the court system. The absence of rules or regulations of the PERS board in no manner affected their rights to redress had an injury taken place.

All assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.