TYE, APPELLANT, *v.* BOARD OF EDUCATION OF POLARIS JOINT VOCATIONAL SCHOOL DISTRICT ET AL., APPELLEES.

(No. 49068 — Decided July 15, 1985.)

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A.,* and *Susan L. Gragel,* for appellant.

*Robert D. Kehoe,* for appellees.

JACKSON, P.J. This is an appeal by plaintiff-appellant, Ann Nadia Tye, from an order of the trial court granting summary judgment in favor of defendants-appellees, Board of Education of Polaris Joint Vocational School District and Richard C. Mueller.[1]

Appellant was employed as a guidance counsellor by appellee board of education between the 1979-1980 and 1981-1982 school years. She was employed pursuant to a series of one-year limited teaching contracts.

On April 12, 1982, appellant received notice of intent from appellee Mueller, superintendent, to "non-renew" her contract. On April 13, 1982, the board accepted the recommendation of the superintendent and voted to non-renew appellant's contract. On April 14, 1982, appellant received notice that she would be non-renewed for the 1982-1983 school year.

On July 12, 1982, appellant brought suit to compel arbitration. Appellant alleged that she was non-renewed as a result of a reduction in force of school personnel resulting from cuts in state aid and decreased enrollment. Under an existing collective bargaining agreement between the board and its teachers, a non-renewal of a limited teaching contract to effect a reduction in force would entitle the teacher to certain rights. These rights include that such non-renewals be made in reverse seniority order and that non-renewed teachers receive recall rights for a period of two years. Appellant alleged that she was not afforded these rights.

---

[1] Mueller is the Superintendent of the Polaris Joint Vocational School District.

Appellees responded with a Civ. R. 12(B)(6) motion on September 3, 1982. They alleged that appellant was *not* non-renewed because of a reduction in force. Appellees alleged that appellant was non-renewed pursuant to R.C. 3319.11, which provides in pertinent part:

"A teacher eligible for continuing contract status employed under an additional limited contract * * * is, at the expiration of such limited contract, deemed re-employed under a continuing contract * * * *unless* the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him [or her] on or before the thirtieth day of April. * * * " (Emphasis added.)

Appellees argue that, pursuant to R.C. 3319.11, appellant was entitled *only* to notice of the fact that she was to be non-renewed.[2]

On December 14, 1982, the trial court granted appellees' motion to dismiss. On appeal, this court reversed. We stated:

"This appeal raises a vital issue for limited contract teachers. If a teacher's contract is non-renewed pursuant to R.C. 3319.11, it usually carries the stigma of professional incompetency, which severely limits the possibility of future teaching employment. If a contract is non-renewed due to an RIF [reduction in force] determination, the teacher's dismissal does not attack the teacher's competency, but merely shows he was a victim of economic depression or declining enrollment in the school district.

"The Board has maintained at all times appellant was non-renewed pursuant to it's [*sic*] unassailable authority under R.C. 3319.11 and Section 9.2 of the collective bargaining agreement.

"Tye claims her non-renewal was an RIF determination, and therefore under Article 11 of the Collective Bargaining Agreement, she was entitled to be placed on the recall list. She specifically denies her non-renewal was governed by Article 9, Section 2 of the agreement. Her exhibits include a press release from the Board stating a[n] RIF was necessary, and that people in her section would be affected.

"Tye claims she is entitled to certain guarantees provided in this agreement upon the Board's notice of non-renewal, and that these guarantees are in addition to the requirements of R.C. 3319.11. Appellee claims their [*sic*] only obligation to appellant is contained in R.C. 3319.11. *Struthers City School Board of Education* v. *Struthers Education Association* (1983), 6 Ohio St. 3d 308, resolves this issue squarely in appellant's favor. The syllabus in *Struthers* states:

" 'Contractually created procedural requirements relating to the nonrenewal of teachers' limited employment contracts, contained in collective bargaining agreements and arrived at through open negotiation, are enforceable so long as the procedures do not directly conflict with R.C. 3319.11. (*Dayton Teachers Assn.* v. *Dayton Bd. of Edn.*, 41 Ohio St. 2d 127 [70 O.O.2d 223], approved and followed.)'

"The *Struthers* court held the procedural safeguards in R.C. 3319.11 are merely the minimum requirements for teachers on limited contracts. In absence of any direct conflict or purported abrogation of the statute, contractually created procedural rights regarding non-renewal are enforceable

---

[2] Articles 9 and 9.2 of the existing collective bargaining agreement are in accord with R.C. 3319.11. Therefore, *if appellant was not non-renewed because of a reduction in force,* appellant would not be entitled to any other rights except notice, which she has, in fact, received.

by limited contract teachers. The trial court's decision renders these contractual terms unenforceable, despite the fact they were arrived at through open negotiation at the bargaining table. There is no abrogation of a Board's authority to require it to say when it is laying off a teacher, that the teacher is being laid off and not fired. This is all the contract requires.

"For a court to dismiss a complaint on a Civ. Rule 12(B)(6) motion, it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling plaintiff to recovery. See *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], 327 N.E. 2d 753; *Stephens* v. *Boothby* (1974), 40 Ohio App. 2d 197 [69 O.O.2d 189], 318 N.E. 2d 535; and *Kodish* v. *Public Employees Retirement Board* (1975), 45 Ohio App. 2d 147 [74 O.O.2d 167], 341 N.E. 2d 320. *If Tye can prove, as she alleges, a[n] RIF, she would be entitled to the relief sought.*

"*In a matter as crucial to appellant's professional career as the one here, we are compelled by law and equity to reverse the trial court's decision so appellant may exercise her contractual rights in the Collective Bargaining Agreement.* Accordingly we sustain appellant's assignments of error." (Emphasis added.) *Tye* v. *Board of Education of Polaris Joint Vocational School District* (Oct. 27, 1983), Cuyahoga App. No. 46340, unreported, at 3-4.

Thus, this court concluded that if appellant *could prove that a reduction in force was the reason for her non-renewal, she would be entitled to the relief sought.*

On February 22, 1984, upon remand to the trial court, appellees moved for summary judgment. On March 13, 1984, appellant opposed the summary judgment motion with a brief and other evidentiary materials. A hearing on the motion was held on August 1, 1984, and on August 15, 1984 the trial court granted appellees' motion for summary judgment. Appellant appeals and assigns three errors for review.

"*First Assignment of Error:*

"The trial court erroneously disregarded the mandate issued by this court in *Tye* v. *Board of Education of the Polaris Joint Vocational School District*, case No. 46340 (Cuy. App. October 27, 1983) and exceeded the scope of its authority on remand when entering summary judgment in the appellees' favor.

"*Second Assignment of Error:*

"The trial court erroneously awarded summary judgment in appellees' favor where genuine issues of material fact remained in dispute about the arbitrability of appellant's grievance.

"*Third Assignment of Error:*

"The trial court erroneously awarded summary judgment against appellant because the underlying grievance 'on its face' alleged an arbitrable violation of the collective bargaining agreement."

Each of appellant's assigned errors argue the propriety of awarding appellees a summary judgment; therefore, the assigned errors will be considered together.

Civ. R. 56(C) governing summary judgment provides that "[s]ummary judgment shall be rendered * * * if the pleading, depositions, * * * affidavits, transcripts of evidence * * * show *that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" (Emphasis added.) It further provides, "[a] summary judgment *shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the*

*evidence or stipulation construed most strongly in his favor."* (Emphasis added.)

In an affidavit attached to the motion for summary judgment, appellee Mueller asserted that he recommended to the board that appellant's contract be non-renewed. He also asserted that appellant was given proper notice of this fact. The treasurer of the school district, Donald McElrath, also submitted an affidavit wherein he asserted that the board took action to non-renew appellant's limited contract pursuant to R.C. 3319.11. A copy of the board's minutes was attached wherein appellant's name appeared on a list with other employees whose contracts were not renewed pursuant to R.C. 3319.11. Finally, appellees' motion for summary judgment included all the letters of notice sent by Superintendent Mueller which appellant received pursuant to R.C. 3319.11.

Appellant also submitted affidavits to support her brief in opposition to the motion for summary judgment. Appellant asserted that she discussed her nonrenewal notification with two school administrators[3] who both informed her that her contract was being nonrenewed because the school district was required to reduce its staff due to the reduced funding for the school district from the state of Ohio. Appellant also attached a "press release" from the school district:

*"POLARIS APPROPRIATIONS REDUCED $646,297*

"In a special board meeting on March 24, 1982, the Polaris Joint Vocational School District Board of Education approved the 1982 budget appropriations in the amount of $4,833,800.

*"The reduction in the general fund budget from 1981 is $646,297 as a result of cuts in State aide [sic] and decreased enrollment. This will result in major reductions in general fund programs and in staff for the remainder of this school year and for the beginning of the 1982-83 school year. Program reductions in September for the 1982-83 school year will involve the dropping of some programs and combining programs to include junior[s] and seniors in one class.*

" * * *

"Anticipated staff reductions include 2.5 academic teachers, ten vocational instructors, *two counsellors*[4] and one library instructor." (Emphasis and footnote added.)

Appellees argue that appellant has created no genuine issue of material fact through her affidavits and other material submitted with the brief in opposition to the summary judgment motion. Appellees also argue that their evidentiary materials conclusively demonstrate that appellant was nonrenewed pursuant to its proper authority under R.C. 3319.11 and *not because* of a reduction in force due to economic conditions.

We disagree. The statement in the prior opinion of this court involving this matter is worth repeating: "If Tye can prove, as she alleges, a * * * [reduction in force][,] she would be entitled to the

_____

[3] The school administrators to whom appellant refers are Dr. Charlotte Nealeigh, Administrative Assistant of the Polaris Vocational District, and Mr. Kenneth Collier, vocational director.

[4] Appellant is a guidance counsellor. Appellant asserts that her position as counsellor is one of the positions mentioned in the press release.

Although this "press release" is not a document contemplated by Civ. R. 56(C), the record indicates that appellees did not object to its use, thus, the trial court could properly consider it. *Rodger* v. *McDonald's Restaurants of Ohio* (1982), 8 Ohio App. 3d 256, paragraph one of the syllabus.

relief sought." *Tye, supra,* at 4. Appellant has attempted to prove that she was removed because of economic conditions through her evidentiary materials. This court is persuaded that these materials create a genuine issue of material fact. Appellees' materials merely assert that appellant was non-renewed pursuant to its proper authority in R.C. 3319.11. These assertions are disputed by and through appellant's evidentiary materials. Under these circumstances, summary judgment was improper. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATTON, J., concurs.

KRUPANSKY, J., dissents.

KRUPANSKY, J., dissenting. I do not comment on the previous decision rendered by the visiting panel sitting on this court on October 27, 1983. I do, however, feel it is my duty to respectfully dissent from the majority opinion since I am a member of this panel.

Civ. R. 56(C) sets forth the standard for granting a summary judgment; it provides in pertinent part:

"The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.* A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." (Emphasis added.)

The purposes of summary judgment are: the elimination of frivolous lawsuits and the clogging of the courts' dockets by the expeditious disposal of lawsuits which do not present substantial questions for determination at trial. See *Washington County Farm Assn.* v. *B. & O.* (1972), 31 Ohio App. 2d 84 [60 O.O.2d 174], and *North* v. *Penn. Rd. Co.* (1967), 9 Ohio St. 2d 169 [38 O.O.2d 410]. The granting of summary judgment in favor of appellees in the case *sub judice* clearly fulfills the purposes of summary judgment.

Two of the ways by which the school board can relieve an individual from employment are: (1) non-renewal pursuant to Article 9.2 of the parties' collective bargaining agreement and R.C. 3319.11 which is not subject to the arbitration provision in the collective bargaining agreement; and (2) non-renewal due to a reduction in force ("RIF") pursuant to Article 11 of the parties' collective bargaining agreement which is subject to the arbitration provision in that agreement.

The appellees provided substantial evidence in the documents attached to their motion for summary judgment to establish appellant was non-renewed in accordance with R.C. 3319.11. R.C. 3319.11 requires the following procedures and states in pertinent part:

"A teacher eligible for continuing contract status employed under an additional limited contract for not to exceed two years pursuant to written notice from the superintendent of his intention to make such recommendation, is, at the

expiration of such limited contract, deemed re-employed under a continuing contract at the same salary plus any increment granted by the salary schedule, *unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April."* (Emphasis added.)

In the case *sub judice* the school board acted in accordance with the provisions set forth in R.C. 3319.11 as evidenced by the materials attached to appellees' motion for summary judgment. Richard Mueller, the Superintendent of the Polaris Joint Vocational School District, informed appellant in writing he would recommend the non-renewal of her limited contract at the April 13, 1982 board of education meeting. The certified minutes of the Board of Education of the Polaris Joint Vocational School District show appellant's name appeared in the list of employees who were non-renewed pursuant to R.C. 3319.11 without explanation. The minutes also indicate other employees' continuing contracts were suspended "for reasons of declining enrollment and other related factors." Donald E. McElrath, treasurer of the board of education, provided an affidavit in which he stated he sent a notice of non-renewal to appellant of her limited contract on April 14, 1982 in accordance with R.C. 3319.11. Thus, all provisions of R.C. 3319.11 had been met pursuant to non-renewal of appellant's contract.

Appellant has continually maintained she was non-renewed under Article 11 due to RIF[5] and, thus, is entitled to arbitrate her grievance. However, appellant has failed to raise a genuine issue of material fact that she was RIF in her brief in opposition to appellees' motion for summary judgment and the attached

documents. Appellant attached three documents to her brief in opposition to the motion for summary judgment: *viz.,* (1) a news release; (2) a memo from the civil service commission; and (3) appellant's own affidavit stating what Dr. Charlette Nealeigh and Kenneth Collier allegedly told her concerning the non-renewal of her contract.

The court can consider neither the (1) press release nor (2) the memo from the civil service commission since they fail to comply with those items listed in Civ. R. 56(C), *i.e.,* the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, and only these items can be considered by the court in ruling on a motion for summary judgment.

Appellant's affidavit is a self-serving declaration which would be inadmissible evidence at trial. *Banick* v. *Indus. Comm.* (1941), 71 Ohio App. 421 [26 O.O. 354]; *Indus. Comm.* v. *Simpson* (App. 1934), 17 Ohio Law Abs. 580. Appellant's best evidence would have been Nealeigh's and Collier's signed affidavits. However, even Nealeigh's and Collier's signed affidavits would have constituted insufficient evidence since appellant failed to cite any statutory or other authority which establishes that Collier's and Nealeigh's comments were official statements which would impede, alter or overrule the board of education's action. While Nealeigh and Collier were entitled to exercise their First Amendment right to free speech and to express their opinions on the matter, if in fact they did, only the duly elected school board had the authority to non-renew school district employees' contracts. Furthermore, the firing of employees is not an easy task at best and, when buttonholed, other employees may make certain statements to avoid embarrassment. In short, the quality of appellant's evidence is nil. The documents attached to her brief in op-

---

[5] Reduction in force.

position to the motion for summary judgment demonstrate appellant has failed to raise a genuine issue of material fact.

Thus, when we consider all the materials the trial court is permitted to consider in the case *sub judice* under Civ. R. 56(C), it is clear appellant cannot prove she was RIF. Even if appellant could establish an RIF occurred at the same time she was non-renewed appellant could not prove she was part of that RIF. In its journal entry the trial court stated:

"Tye does not challenge the non-renewal of her limited contract in this action. Rather, Plaintiff challenges the Board's failure to place her on a recall list as part of a planned reduction in force."

Appellant has defied the very roots of the board's statutory authority, but has failed to override its actions by attaching any reliable, official, competent or authoritative material of her own to raise a material issue of fact. Therefore, appellees are entitled to a summary judgment; there is no issue of material fact in the case *sub judice* and there is no way appellant can possibly prove what the majority of this panel contends.