TYE, APPELLEE, v. BOARD OF EDUCATION OF THE POLARIS JOINT VOCATIONAL SCHOOL DISTRICT ET AL., APPELLANTS.

(No. 52843 — Decided February 29, 1988.)

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A.,* and *Susan L. Gragel,* for appellee.

*Weston, Hurd, Fallon, Paisley & Howley* and *Robert D. Kehoe,* for appellants.

NAHRA, C.J. This is the third appeal in plaintiff-appellee Ann Tye's suit to compel arbitration of her grievance concerning the nonrenewal of her employment contract. In this appeal, the defendants-appellants, the Board of Education of Polaris Joint Vocational District and Richard C. Mueller, challenge the correctness of the trial court's judgment granting summary judgment in favor of the plaintiff and denying summary judgment for the defendants.

Ann Tye was employed as a guidance counselor by the defendant board of education for three years prior to her nonrenewal in April 1982. She held her employment pursuant to a one-year limited teaching contract. On April 14, 1982, she received a statutorily required notice that she would be nonrenewed for the 1982-1983 school year. She filed a grievance with her union, eventually demanding arbitration. When her employer refused to arbitrate, the plaintiff brought suit in common pleas court pursuant to R.C. 2711.03 to compel arbitration. Tye claimed that she was nonrenewed due to a reduction in the work force as a result of a decrease in state aid and declining enrollment and that this entitled her, under a collective bargaining agreement between the board of education and her union, to certain rights. Those rights included that nonrenewals be made in reverse seniority order and the nonrenewed teachers be placed on a recall list for two years for possible re-employment. Included in the collective bargaining agreement were provisions for a grievance process, which culminated in binding arbitration.

The defendants moved to dismiss the plaintiff's suit, arguing that the plaintiff was not nonrenewed due to a reduction in force, but was nonrenewed pursuant to R.C. 3319.11, which only required that the plaintiff receive notice of her nonrenewal. The trial court granted the defendants' motion to dismiss, but a panel of this court reversed that ruling, holding that, if the plaintiff could prove, as she claimed, her nonrenewal was the result of a reduction in force, she would be entitled to relief.

On remand, the trial court granted summary judgment for the defendants, holding that the evidence demonstrated that the plaintiff was nonrenewed pursuant to R.C. 3319.11. R.C. 3319.11 provides for the termination of limited contract teachers upon written notice by the board, upon recommendation by the superintendent, without a requirement that reasons for the termination be given. The trial court stated that under the collective bargaining agreement limited contracts terminated pursuant to R.C. 3319.11 were not subject to the grievance procedure and consequently not subject to arbitration.[1]

A second panel of this court reversed that decision,[2] holding that the plaintiff had submitted evidentiary

---

[1] "9.1 *Nonrenewals.* The nonrenewal of limited contracts shall be governed by Section 3319.11, Ohio Revised Code, exclusively, and the termination of contracts for good and just cause shall be governed by Sections 3319.16 and 3319.161, Ohio Revised Code, exclusively, and such nonrenewals and terminations shall not be subject to the Grievance Procedure."

[2] See *Tye* v. *Bd. of Edn. of Polaris Joint Vocational School Dist.* (1985), 29 Ohio App. 3d 63, 29 OBR 73, 503 N.E. 2d 183.

materials in opposition to the defendants' motion for summary judgment which created a genuine issue of material fact as to the reason for her nonrenewal. The plaintiff had submitted an affidavit stating that she had discussed her nonrenewal with two school administrators who informed her that her nonrenewal was based upon reduced funding. Additionally, she provided a press release from the school district discussing cuts in state aid and resultant staff and program reductions. The defendants' materials merely asserted that the plaintiff was properly nonrenewed pursuant to the board's authority under R.C. 3319.11.

On second remand, the trial court considered cross-motions for summary judgment. The plaintiff supported her motion with evidence from a separate action filed in federal court against the same defendants, which alleged violations of Title VII of the Equal Employment Opportunity Act by her nonrenewal. The defendants filed with their motion the depositions of the two school administrators, who essentially denied informing the plaintiff that her termination was the result of a reduction in force. The trial court, finding that "there is enough evidence to create an issue of fact as to whether or not there was a nonrenewal of the plaintiff's contract or a Reduction in Force," granted the plaintiff's motion for summary judgment and ordered arbitration of the plaintiff's grievance.

The defendants have appealed that decision, bringing this case once again before this court. The defendants have raised the following assignments of error:

"1. The trial court erred as a matter of law in disregarding this court's special mandate set forth in *Tye* v. *Board of Education of the Polaris Joint Vocational School District,* 29 Ohio App. 3d 63 (Cuyahoga Cty. 1985) and exceeded the scope of its authority on remand by granting plaintiff's motion for summary judgment.

"2. The trial court erred as a matter of law in considering facts that are not determinative of a nonrenewal of a limited contract under O.R.C. Sec. 3319.11 and Article 9.2 of the collective bargaining agreement.

"3. Under Ohio R. Civ. R. 56, the trial court erred as a matter of law in granting summary judgment in favor of plaintiff upon a finding that 'there is enough evidence to create an issue of fact' regarding the non-renewal of plaintiff's limited contract."

We will address these assigned errors together.

This panel first would like to emphasize that we are bound, by the doctrine of the law of the case, by the previous appellate decisions that held that the appellee is entitled to show the reasons for her nonrenewal as a reduction in force. Being so bound, the question then remains if there is an issue for arbitration.

Initially, the appellants argue that the trial court exceeded the scope of its authority on remand by considering further motions for summary judgment and hearing new evidence other than the testimony of the two school administrators. Upon remand from an appellate court, a lower court must proceed from the point at which the error occurred. *State, ex rel. Stevenson,* v. *Murray* (1982), 69 Ohio St. 2d 112, 23 O.O. 3d 160, 431 N.E. 2d 324. The second appellate panel determined that summary judgment in favor of the appellants was improperly granted. With the case back in the trial court, there was nothing improper about the court considering new motions for summary judgment. Civ. R. 56 does not put a time or number limit upon a motion for summary judgment, other than to state that once an action has been set for pretrial or trial, a motion

for summary judgment may only be made with leave of court.

The appellants also challenge the consideration by the trial court of evidence from the federal proceeding. Civ. R. 56 is quite specific about the materials which a court may consider in determining a summary judgment motion. Civ. R. 56(C) provides in relevant part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Although the rule only specifically lists transcripts of evidence in the pending case, we find that the transcript from the federal case is analogous to a deposition transcript. See *Carrabine Constr. Co.* v. *Chrysler Realty Corp.* (1986), 25 Ohio St. 3d 222, 25 OBR 283, 495 N.E. 2d 952. The transcribed testimony meets the criterion of reliability as it is sworn testimony in a courtroom hearing at which the appellants were represented by counsel. Thus, we hold that the trial court properly considered evidentiary materials from the federal proceeding.

We next must consider whether the evidence as considered by the trial court warranted summary judgment in favor of the appellee. The appellants argue that the trial court erroneously applied Civ. R. 56 which is rendered only upon a finding of no genuine issue of any material fact. Specifically, the appellants contend that the trial court made a completely opposite finding and yet granted summary judgment in favor of the appellee.

Judge Basil Russo stated in part in this opinion:

"From complete review of this file, transcript and appellate decisions, this Court finds that there is enough evidence to create an issue of fact as to whether or not there was a non-renewal of the plaintiff's contract or a Reduction in Force.

"This evidence consists of the projection of a decline in the student enrollment for the 1982-83 school year, a significant cut in the financial funding of the school, the fact that the Plaintiff was performing her job satisfactorily, and the fact that twenty-four other teachers were also terminated.

"Therefore, based on the proceeding evidence, the Plaintiff's Motion for Summary Judgment is granted; this Court compels arbitration of the Plaintiff's grievance.

"Conversely, the Defendant Board of Education failed to prove by a preponderance of the evidence that the Plaintiff's contract was non-renewed. Therefore, the Board's Motion for Summary Judgment is denied."

The trial court found that there was an issue of fact whether the appellee was terminated due to a reduction in force. The court thus made a finding that there was a grievance that properly should be determined by arbitration. The court made no finding as to whether the appellee was in fact terminated due to economic reasons, but did find, applying the Civ. R. 56 standard to the evidence before it, that there was a proper issue for arbitration, that is, whether the appellee was nonrenewed due to a reduction in force. The appellee sought arbitration for her grievance that nonrenewal of her contract violated the reduction in force provisions of the collective bargaining agreement and the trial court found, in effect, that there was no genuine issue of any material fact that the plaintiff demonstrated an arbitrable claim.

Upon examination of the record in

the light most favorable to the appellants, as required by Civ. R. 56, we agree with the above finding by the trial court. Testimony and stipulations from the federal proceeding concerning reductions in state funding and enrollment and the termination of twenty-four other teachers, testimony that the appellee was a satisfactory employee and testimony by the school board president that the termination of the twenty-five teachers was not a question of competence, but economics, clearly created an issue of fact as to the reason for the nonrenewal of Tye's contract. Reasonable minds could come to but one conclusion, that conclusion being that the appellee had demonstrated an arbitrable claim.

Finally, we will comment briefly on the appellants' contention that according to the arbitration remedies available to the appellee, the expiration of time and the appellee's reemployment in another school district voided any possible relief. The extent of the arbitrator's authority is not an issue before this court. Rather the question before the court is whether there is a proper issue for arbitration. We might note in passing that, as pointed out in this court's first opinion, merely the fact of a nonrenewal pursuant to R.C. 3319.11 usually carries the stigma of professional incompetency.

For the foregoing reasons, we find that the trial court properly granted summary judgment in favor of the appellee.

The appellants' assignments of error have no merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DYKE, J., concurs.

PATTON, J., dissents.

PATTON, J., dissenting. I respect-fully dissent from the result reached by the majority in this case. In my view, R.C. 2711.03 requires the trial court to make a factual determination as to whether plaintiff was let go because of a reduction in force, pursuant to Article 11 of the collective bargaining agreement, or because of a statutory nonrenewal, pursuant to R.C. 3319.11 and Article 9 of the collective bargaining agreement. The trial court did not make that factual determination, but instead directed that this matter be submitted to arbitration to have the arbitrators determine whether she was let go due to a reduction in force or due to a statutory nonrenewal. Because I believe that the court's order was contrary to law, I respectfully dissent.

The parties' collective bargaining agreement in this case established arbitration as the third step of their grievance procedure. This grievance procedure was available in the event of a reduction in force under Article 11, but a statutory nonrenewal under Article 9 and R.C. 3319.11 was not subject to the grievance procedure. It follows that a reduction in force would provide plaintiff with an arbitrable grievance, but a statutory nonrenewal would not. The basic issue presented in this case is whether plaintiff has an arbitrable grievance.

It is settled law that, in the absence of an agreement to the contrary, the arbitrability of a dispute is to be determined by the court and not by the arbitrator. See *Vulcan-Cincinnati, Inc.* v. *United Steelworkers of America* (1960), 113 Ohio App. 360, 17 O.O. 2d 386, 173 N.E. 2d 709. Accord *AT&T Technologies, Inc.* v. *Communications Workers of America* (1986), 475 U.S. 643. R.C. 2711.03 provides that if a dispute arises between parties to a written arbitration agreement as to whether one party has failed to perform, the court must proceed summarily to the trial thereof. If the court (or jury) finds that there has been no

default under the arbitration agreement, then the proceeding shall be dismissed. But if the court (or jury) finds that there has been a default under the arbitration agreement, then the court must make an order summarily directing the parties to proceed with the arbitration in accordance with their agreements.

In the instant case, the trial court did not make a factual finding that plaintiff was let go as a result of a reduction in force such that she was entitled to proceed to arbitration under the grievance procedure. The trial court's journal entry concedes that there was a question of fact as to whether plaintiff was let go due to a reduction in force or due to a statutory nonrenewal. Rather than resolve this question of fact, the court summarily directed that the arbitrability of plaintiff's grievance be decided by the arbitrators. In my opinion, the trial court failed to determine whether plaintiff's nonrenewal was subject to the grievance procedure so that she could compel arbitration pursuant to R.C. 2711.03.

Accordingly, I would sustain the appellants' third assignment of error and would remand this matter to the trial court to make a determination as to whether plaintiff's removal was subject to the grievance procedure and arbitration.