I concur in the majority opinion, except for its advisory opinion specifying Levin's remedy to be back pay, from which I respectfully dissent. Once this court determined that the common pleas court erred, the matter should be reversed and remanded for the common pleas court to conduct further proceedings from the stage where the error occurred. See e.g., Tye v. Bd. of Edn. of Polaris Joint Vocational School Dist. (1988), 44 Ohio App.3d 76, 78.
The parties' briefs on appeal did not address the scope of Levin's remedy because the common pleas court held that the Mayfield City School District Board of Education properly non-renewed her contract. The Ohio Supreme Court has instructed appellate courts, as a matter of due process, not to decide cases on issues that have not been briefed by the parties without notice and an opportunity to be heard. See e.g., State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170.
Levin's complaint in the common pleas court requested that she be re-employed, and receive back pay, costs and reasonable attorney fees, and further equitable relief. (Id. at p. 3.) Whether she is entitled to any or all such relief or simply to back pay as stated by the majority should be decided by the common pleas court in the first instance with complete information and briefing by the parties.